UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NATHAN GORDON | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER: 07-9711 |
| | * | |
| FIDELITY NATIONAL INSURANCE | * | |
| COMPANY, ET AL. | * | SECTION "L"(1) |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. No. 7). For the following reasons, the Plaintiff's motion is now DENIED.

**I.    BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's property located at 6023 Carlisle Street in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Fidelity National Insurance Company ("Fidelity"), the Plaintiff's homeowner's insurance carrier, and Cable Lock Foundation Repair, Inc. ("Cable Lock"), a contractor retained by the Plaintiff to repair the property. Fidelity is a California corporation with its principal place of business in Florida, and Cable Lock is alleged to be a Louisiana citizen.

In August of 2007, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff alleges that she is entitled to payment from Fidelity for damages and losses to the property, in addition to bad-faith penalties under Louisiana law and damages for emotional distress. The Plaintiff also seek a declaratory judgment that the fees charged by Cable Lock are reasonable and that such repairs are covered

1

by the insurance policy issued by Fidelity.

Fidelity removed this case to federal court on December 19, 2007, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Specifically, Fidelity argues that Cable Lock was improperly joined in this action and its citizenship should be ignored for purposes of determining diversity jurisdiction.  Even if properly joined, Fidelity argues that the Court can realign the parties according to their real interests.  Plaintiff now moves to remand the case back to state court.

**II.     LAW & ANALYSIS**

   **1.     Rule 4**

On March 12, 2008, the Court issued an Order to Show Cause pursuant to Federal Rule of Civil Procedure 4(m).  *See* Rec. Doc. No. 11.  Rule 4(m) provides that a defendant must be served within 120 after the complaint is filed, and, if not, the Court "on motion or its own motion after notice to the plaintiff [ ] must dismiss the action without prejudice against the defendant or order that service be made within a specific time."  Fed. R. Civ. P. 4(m).  The Court ordered the Plaintiff to show cause, in writing, within ten days as to why Defendant Cable Lock Foundation Repair, Inc. should not be dismissed as a result of Plaintiff's failure to serve it within the time allowed by Rule 4(m).

The Plaintiff moved for an extension of time to file its response.  Rec. Doc. No. 12.  The Court denied the Plaintiffs's motion.  Rec. Doc. No. 13.  The Plaintiff did not submit any writing to the Court in accordance with the Order, and, accordingly, Defendant Cable Lock Foundation Repair, Inc., is dismissed without prejudice.

### B.     Motion to Remand

Now that Defendant Cable Lock has been dismissed, complete diversity exists between the parties, and the only issue is whether the jurisdictional amount-in-controversy is met.

Under Louisiana law, plaintiffs may not claim a specific dollar amount of damages. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  Therefore, in this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The defendant satisfies its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim, and plaintiff has requested this relief.  This Court must consider these fees and penalties when it assesses the amount in controversy.  *Nguyen v. Allstate Ins. Co.,* 2007 WL 274799, at *2 (E.D. La. Jan. 29, 2007) (citing *Poynot v. Hicks,* 2002 WL 31040174 at *3 (E.D. La. Sept. 12, 2002)).  Under La. Rev. Stat.§ 22:658, a defendant is liable for an additional penalty of 25 or 50 percent of the damages if the defendant arbitrarily, capriciously or without probable cause failed to pay plaintiff's claim.  Additionally, under La. Rev. Stat. § 22:1220, a defendant is liable for twice the damages sustained if the defendant refused to settle the claim in bad faith.

Plaintiff argues that the Defendant has failed to satisfy its burden of showing that the

amount in controversy exceeds the jurisdictional amount.  The Defendant has provided the affidavit of Deborah S. Price, Defendant's Vice President of Claims, which states that the Plaintiffs' insurance policy provides coverage for damages caused by wind in the amount of $220,150 and "loss of use" coverage up to $47,600.  To date, the Defendant has paid $2,697.23 to the Plaintiff, leaving policy limits of $217,452.77 for wind and $47,600 for "loss of use."  Considering the limits of the Plaintiff's policy and his claims for bad-faith penalties and damages for emotional distress, the Court finds that the Defendant has demonstrated that the amount in controversy exceeds $75,000.  Accordingly, the Court finds that diversity jurisdiction exists in this case.

When a defendant has met the burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000.  *De Aguilar*, 47 F.3d at 1411-12.  "Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him."  *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006).  Under *De Aguilar,* a plaintiff who wants to prevent removal must file, along with the complaint, a binding stipulation that the claim is for less than $75,000.  47 F. 3d at 1412.  In this case, the Plaintiff has not made such a binding stipulation in his petition.  Therefore, the Court finds that the defendant has demonstrated that the amount-in-controversy exceeds $75,000.

## III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is DENIED.

IT IS FURTHER ORDERED that Defendant Cable Lock Foundation Repair, Inc., is hereby DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 15th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE